# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| KELLY L. SHOEMAKER, *et al.*, | : | Case No. 1:18-cv-564 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| WENDELL H. MURDOCK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND (Doc. 11) AND GRANTING DEFENDANTS NATASHA COLLINS, SEDGWICK, AND AVIS DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. 6)

This civil action is before the Court upon: (1) Plaintiffs' motion to remand (Doc. 11) and the parties' responsive memoranda (Docs. 14, 15), and (2) the motion to dismiss Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief filed by Defendants Natasha Collins and Sedgwick Claims Management Services, Inc. ("Sedgwick") and the Avis Defendants'[1] (Doc. 6), and the parties' responsive memoranda. (Docs. 12, 13).[2]

## I. BACKGROUND

This civil action arises out of an automobile accident involving Plaintiffs Kelly Shoemaker and Perry Shoemaker that occurred on or about July 16, 2016 in Clinton County, Ohio. (Doc. 5 at ¶ 1). Defendant Wendell Murdock was operating a Ford

---

[1] "Avis Defendants" refers to Avis Budget Group, Inc.; Avis Rent-a-Car System, LLC; and PV Holding Corporation, collectively.

[2] Plaintiffs requested oral argument. (Doc. 11 at 1). The Court finds that the briefings are clear on their face and that oral argument is not necessary.

Fusion and struck the Plaintiffs Shoemakers, who were in their car. (*Id.* at ¶¶ 1–3). Plaintiffs claim that, as a result of the accident, they sustained serious personal injuries. Plaintiffs allege that Murdock was operating the vehicle negligently, recklessly, willfully and wantonly, and/or maliciously, which resulted in Plaintiffs' injuries and medical expenses (Count One). (*Id.* at ¶¶ 11-17). Plaintiffs also allege that Murdock is responsible for loss of care, comfort, and companionship of the Plaintiffs (Count Two). (*Id.* at ¶¶ 18–20).

Murdock had rented the Ford Fusion from Defendant Avis Rent-a-Car System, LLC ("Avis"). (*Id.* at ¶ 1). Defendant PV Holding, a subsidiary of Avis, is the titled owner of the Ford Fusion. (*Id.* at ¶ 7). Plaintiffs allege that Avis negligently, recklessly, willfully and wantonly, and/or maliciously rented the vehicle to Murdock (Count Three). (*Id.* at ¶¶ 21–22).

In September 2016, Plaintiffs contacted Defendant Sedgwick CMS ("Sedgwick"), a third-party administrator hired by Avis to administer claims, to assert claims for property damage and personal injuries. (*Id.* at ¶¶ 25–26). Plaintiffs submitted all necessary documentation regarding the claims to Sedgwick, which Sedgwick acknowledged, in January 2018. (*Id.* at ¶ 27). After allegedly receiving no meaningful response from Sedgwick, Plaintiffs engaged counsel who made a settlement demand to Sedgwick on June 4, 2018. The next day, Defendant Natasha Collins, an Ohio Resident and Sedgwick employee, emailed Plaintiffs' counsel and stated "I have received the materials; I will review and call you with a settlement offer." (*Id.* at ¶¶ 4, 28).

Plaintiffs' counsel emailed Collins again on June 15, 2018 requesting a status of review of Plaintiffs' claim. (*Id.* at ¶ 29). Collins responded on June 18, 2018: "I still have to review the Demand." (*Id.*). Plaintiffs claim that, although Collins represented that Sedgwick would make a settlement offer, Sedgwick did not extend an offer, prompting this litigation. Plaintiffs contend that Defendant Sedgwick and Collins' "pattern of delay and unjustified resistance" constitute negligent, reckless, willful and wanton, and malicious material breach of contract and a tort (Count Four). (*Id.* at ¶¶ 23–33). Plaintiff also claims that, by not extending a settlement offer, Defendants Sedgwick and Collins breached an enforceable agreement to extend a settlement offer (Count Five). (*Id.* at ¶¶ 34–35).

Plaintiffs additionally allege that Defendants Sedgwick, Collins, and the Avis Defendants participated in a civil conspiracy by engaging in a pattern of conduct to minimize or eliminate their exposure (Count Six). (*Id.* at ¶¶ 36–38).

Defendant Anthem Blue Cross/Blue Shield is in this action because it may have paid, or will pay, medical expenses on behalf of Plaintiffs and may have claims, liens, or rights of reimbursement, recovery, or subrogation. (*Id.* at ¶¶ 39–40).

This action was originally filed on July 6, 2018 in the Court of Common Pleas of Clinton County, Ohio. Defendants removed the action to this Court on August 8, 2018.

## II.     MOTION TO REMAND

### A.  Standard of Review

On a motion to remand, the question is whether the district court lacks subject

matter jurisdiction.  28 U.S.C. § 1447(c).  Under 28 U.S.C. § 1332, a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between ... citizens of different states."  28 U.S.C § 1332(a)(1).  If a case initially brought in state court satisfies the requirements of § 1332(a)(1), a defendant may remove that case to federal court. 28 U.S.C. § 1441(a).

"The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." *Cancino v. Yamaha Motor Corp., U.S.A.*, 494 F. Supp. 2d 664, 666 (S.D. Ohio 2005) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  "Because removing a case to federal court interferes with state court jurisdiction, federal courts must narrowly construe the removal statute." *Superior Fibers LLC v. Shaffer*, 2016 WL 7469623, at *3 (S.D. Ohio Dec. 28, 2016) (citing *Conrad v. McDonald's Corp.,* No. 15-cv-3127, 2016 WL 1638889, at *3 (S.D. Ohio 2016)).  "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### B.  Analysis

There is no dispute that this case meets the $75,000 amount in controversy requirement of § 1332(a)(1).  (Doc. 15 at 18).  However, Plaintiffs contend that remand is necessary because, as Defendant Collins is an Ohio resident, there is not complete diversity.  (Doc. 11 at 1–2).  Defendants argue that Collins, the only non-diverse defendant, was fraudulently joined and therefore removal to federal court was

appropriate.

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). A party is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Kent State Univ. Bd. Of Trs. v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (6th Cir. 2013). In determining whether a party has been fraudulently joined, a court will "apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). "The burden is on Defendants to show joinder was fraudulent, and that burden is a heavy one." *Little v. Purdue Pharma,* L.P., 227 F. Supp. 2d 838, 845 (S.D. Ohio 2002).

Defendants argue that all three claims (Counts Four, Five, and Six) brought against Defendant Collins fail as a matter of law and therefore Collins was fraudulently joined. The Court agrees.

### 1. Count Four

In Count Four, Plaintiffs seemingly claim that Defendants Sedgwick and Collins breached a contract with Plaintiffs and/or committed a tort by improperly handling Plaintiffs' claims, including making false representations, failing to review materials she received, delaying the processing of Plaintiffs' claims, and failing to honor her representation that Sedgwick would extend a settlement offer.[3]

Plaintiffs are third-party claimants in relation to Sedgwick. Under Ohio law, a liability insurance company has no "duty enforceable by a third party injured by their insured to negotiate in good faith to attempt to settle the matter without litigation." *Shaeffer v. Grange Mut. Cas. Co.*, No. 80AP-748, 1981 WL 3021, at *1–2 (Ohio Ct. App. Feb. 26, 1981). Indeed, "Ohio courts have repeatedly held that third-party claimant cannot assert bad-faith claims against an insurer." *Gillette v. Estate of Gillette*, 2005-Ohio-5247, ¶ 18, 163 Ohio App. 3d 426, 432, 837 N.E.2d 1283, 1287 (compiling a plethora of Ohio cases).[4] Therefore, because Defendants Sedgwick and Collins had no duty to act in good faith with Plaintiffs, Plaintiffs' allegations that Defendants Sedgwick

---

[3] It is unclear what contract Plaintiffs allege Defendants Sedgwick and Collins breached in Count Four, but the Court discusses Plaintiffs' claims for breach of contract in its analysis of Court Five.

[4] Plaintiffs note that Sedgwick is not an insurer and Collins is not an adjuster employed by an insurer. Yet this fact makes Plaintiffs' claims against Defendants Sedgwick and Collins for improperly handling their claims even more attenuated. *See Koch v. Bell, Lewis & Assocs., Inc.*, 176 N.C. App. 736, 739, 627 S.E.2d 636, 638 (2006) ("Here, as the plaintiffs are not the insured, but are third-party claimants, we conclude that the relationship between the adjuster and plaintiff claimants is even more 'attenuated' than if they were the insured.").

and Collins improperly and negligently handled their claims fail as a matter of law.

Moreover, even if Plaintiffs were actually insured by Sedgwick, as opposed to third-party claimants, Count Four against Defendants Sedgwick and Collins fails because "[i]n Ohio an insurer cannot be sued for negligence by an insured." *Johnson v. State Farm Ins. Co.*, No. 75497, 1999 WL 1206603, at *3 (Ohio Ct. App. Dec. 16, 1999). In *Johnson*, the Court of Appeals of Ohio also noted that "there is no duty owed by an insurance adjuster, in [the insurance adjuster's] individual capacity, to a person making a claim on their policy of insurance." *Id.* Accordingly, Plaintiffs' claims against Defendant Collins in Count Four do not state a cause of action under Ohio law.

### 2. Count Five

In Count Five, Plaintiffs claim that Defendants Sedgwick and Collins breached an enforceable agreement by failing to extend a settlement offer to Plaintiffs. Plaintiffs do not claim that Defendants breached an insurance contract, but instead contend that Defendant Collins formed a contract with Plaintiffs when she emailed Plaintiffs' counsel: "I have received the materials; I will review and call you with a settlement offer." (Doc. 5 at ¶ 28). Plaintiffs contend that Defendants Sedgwick and Collins did not call with a settlement offer and therefore breached that contract.

Under Ohio law, in order to adequately allege an enforceable contract, the contract must "include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and consideration." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, 96 Ohio St. 3d 1, 3, 770

N.E.2d 58, 61. Additionally, a "meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. *Id.* (quoting *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St. 3d 366, 369, 575 N.E.2d 134).

Plaintiffs rely on the Ohio Court of Appeals' decision in *Whitacre v. Nationwide Ins., Co.*, 2012-Ohio-4557 to argue that an insurer's verbal agreement with a third-party claimant is an enforceable contract. In that case, a defendant insurer allegedly made a verbal contract with a third-party-claimant plaintiff to pay all of his medical bills. The insurer paid some of the plaintiff's medical bills, but then stopped paying the medical bills and the plaintiff was denied medical treatment. The court found that plaintiff's breach of contract claim arose out of the verbal agreement between the insurer and plaintiff that the insurer would pay for his medical bills, and indeed began performing under the contract. *Whitacre*, 2012-Ohio-4557, ¶ 1.

In *Whitacre*, the essential terms of the contract were clear: the insurer would pay the plaintiff's medical bills in order to resolve plaintiff's claims against the insured. Here, Plaintiffs contend that that Collins' statement that she would "review and call you with a settlement offer" was the offer, Plaintiffs "patiently and silently" waiting for Collin's offer was the acceptance, and Plaintiffs' "delay or forbearance to assert a claim" against Defendants Sedgwick and Collins was the consideration. While each of these "essential elements" of the alleged contract are speculative at best, the purported contract is clearly unenforceable because there was no definite offer by Defendants Sedgwick or

Collins to Plaintiffs.

In order to allege an enforceable contract existed between Plaintiffs and Defendants Sedgwick and Collins, Plaintiffs must identify a "definite offer." *Garrison v. Daytonian Hotel*, 105 Ohio App. 3d 322, 325, 663 N.E.2d 1316, 1317 (1995). The allegations that Defendant Collins' statement that she would "review and call you with a settlement offer" is a definite offer simply lacks credulity. Because there was no definite offer, there was no enforceable agreement between Plaintiffs and Defendants Sedgwick and Collins. Therefore, Plaintiffs' claim for breach of contract against Defendants Sedgwick and Collins fails as a matter of law.

In their motion to remand, Plaintiffs now argue that, even if Defendant Collins' statement that she would call them with a settlement offer is not a contract, Plaintiffs can prevail in Count Five under the doctrine of promissory estoppel. Importantly, Plaintiffs do not plead promissory estoppel in their complaint. Yet even if Plaintiffs had alleged a promissory estoppel claim against Defendants Sedgwick and Collins, that theory also fails.

To establish a promissory estoppel claim, a party must demonstrate: "1) a clear and unambiguous promise; 2) reliance on that promise; 3) reliance that was reasonable and foreseeable; and 4) damages caused by that reliance." *Current Source, Inc., et al. v. Elyria City School Dist., et al.,* 157 Ohio App.3d 765, 813 N.E.2d 730, 2004–Ohio–3422, at ¶ 25. As the Court already noted, Defendant Collins' statement to Plaintiffs' counsel that she would "review and call you with a settlement offer," is not a "definite offer."

The Court similarly finds that this in no way is a "clear and unambiguous promise." At most, Defendant Collins made a promise to make a promise, but her statement does not provide any unambiguous terms and, even if Plaintiffs relied on that statement, that reliance was not reasonable or foreseeable. Therefore, even if Plaintiffs had plead a promissory estoppel claim against Defendants Sedgwick and Collins, that claim would also fail as a matter of law.

### 3. Count Six

In Count Six, Plaintiffs allege that Defendants Avis, Sedgwick, and Collins engaged in a civil conspiracy to limit its exposure to Plaintiffs.

The Supreme Court of Ohio defines civil conspiracy as "'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419, 650 N.E.2d 863 (1995) (quoting *LeFort v. Century 21–Maitland Realty Co.*, 32 Ohio St. 3d 121, 126, 512 N.E.2d 640 (1987)) (citations omitted). In order to establish a claim for civil conspiracy under Ohio law, the plaintiff must demonstrate "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 534 (6th Cir. 2000) (quoting *Universal Coach, Inc. v. New York City Transit Auth., Inc*., 90 Ohio App.3d 284, 629 N.E.2d 28, 33 (1993)).

"An action for civil conspiracy cannot be maintained unless an underlying unlawful act, which would be actionable in the absence of the conspiracy, is committed." *Kelley v. Buckley*, 2011-Ohio-1362, ¶ 70, 193 Ohio App. 3d 11, 36, 950 N.E.2d 997, 1016. Here, the Court has already found that Counts Four and Five against Defendants Sedgwick and Collins fail as a matter of law. Therefore, Plaintiffs fail to demonstrate the existence of an unlawful act by Defendants Sedgwick or Collins independent from the alleged conspiracy and therefore Count Six against Defendant Sedgwick and Collins fails as a matter of law.

Finally, the Court additionally finds that Defendant Collins was fraudulently joined because, under Ohio law, "an agent avoids personal liability by conducting himself or herself with third parties in such a way that those persons are aware they are dealing with the principal, not the agent individually." *Whitt Sturtevant, LLP v. NC Plaza LLC*, 2015-Ohio-3976, ¶ 96, 43 N.E.3d 19, 44. Here, Plaintiffs make no allegations that they were unaware that Defendant Collins was acting in her official capacity as an adjuster for Sedgwick. In fact, in the complaint, Plaintiffs explicitly recognize that Defendant Collins was "acting in the course and scope of her employment with Defendant Sedgwick." (Doc. 5 at ¶ 32). Because Defendant Collins' alleged conduct made it clear that she was working on behalf of Sedgwick, she avoids any personal liability in this case.

Therefore, Defendant Collins was fraudulently joined as all three counts against her fail as a matter of law and she cannot be held personally liable because Plaintiffs were aware she was working on behalf of Defendant Sedgwick. Accordingly, Plaintiffs'

motion to remand (Doc. 11) is denied.

## III.    MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

**B. Analysis**

Defendants Sedgwick, Collins, and Avis Defendants' motion seeks to dismiss Counts Four, Five, and Six of Plaintiffs' complaint. As discussed *supra*, Plaintiffs fail to state a claim upon which relief can be granted in both Counts Four and Five against Defendants Sedgwick and Collins. Count Six, Plaintiffs' civil conspiracy claim, against Defendants Sedgwick and Collins also does not state a colorable claim because Plaintiffs fail to plead an unlawful act independent from the alleged conspiracy. Therefore, the only claim that the Court must address is Count Six pertaining to the Avis Defendants.

To plead civil conspiracy under both federal and Ohio, the conspiracy "must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Spears v. Chrysler, LLC*, No. 3:08 CV 331, 2011 WL 540284, at *11 (S.D. Ohio Feb. 8, 2011) (quoting *Ghaster v. City of Rocky River*, 2010 WL 2802685 (N.D. Ohio May 12, 2010). As noted earlier, to state a claim for civil conspiracy under Ohio law, a plaintiff must plead: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4)

existence of an unlawful act independent from the actual conspiracy." *Aetna*, 219 F.3d at 534 (quoting *Universal Coach*, 629 N.E.2d at 33).

Defendants argue that Count Six should be dismissed because (1) Plaintiffs fail to allege any material facts sufficient to establish a claim for civil conspiracy and (2) because Counts Four and Five have been dismissed, there is no "unlawful act" independent from the alleged conspiracy. (Doc. 6 at 14–15).

In Count Six, Plaintiffs allege the following:

> Although Plaintiffs are not necessarily required to apply the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), in a good faith effort to comply with Rule 9 of the Ohio Rules of Civil Procedure, Plaintiffs state that the course of conduct as detailed herein demonstrates that Defendants Sedgwick CMS, Collins, and the Avis Defendants have conspired to engage in a pattern of conduct to minimize or eliminate its exposure. The unjustified resistance to Plaintiffs' claims and refusing to extend any settlement offer, causing unacceptable delay and stress, was undertaken in an effort either to deny reasonable compensation to Plaintiffs, who were injured through no fault of their own, or else to force Plaintiffs to settle their liability claims for less than fair value. Further, on information and belief, and in light of Defendant Sedgwick CMS identifying itself on the telephone as being a member of Avis Enterprises, the Avis Defendants and Defendants Sedgwick CMS and Collins negligently, recklessly, willfully and wantonly, maliciously, and fraudulently conspired to defeat Plaintiffs' claims, demonstrated during the entire course of its claim handling practices in this case and culminating in the refusal to extend any offer of settlement at any time despite acknowledgment of receipt of settlement documents, a demand, and a promise to extend an offer of settlement, proximately causing compensatory damages to Plaintiffs and subjecting Defendants to punitive damages, Plaintiffs' attorney's fees, and costs.

(Doc. 5 at ¶ 38).

Here, the only allegation that the Avis Defendants were involved in the alleged conspiracy – in any way – is that Sedgwick identified itself on the phone as a member of Avis Enterprises. The Court finds that this is a conclusory allegation that is not supported by material facts. *See Spears v. Chrysler, LLC*, No. 3:08 CV 331, 2011 WL 540284, at *12 (S.D. Ohio Feb. 8, 2011) (finding that plaintiffs failed to plead a civil conspiracy claim because "Plaintiffs need to do more than to make the conclusory statements that the Defendants 'reached [an] agreement to act in concert' and 'act[ed] in concert'"). For this reason alone, Count Six pertaining to the Avis Defendants fails.

Moreover, Plaintiffs' civil conspiracy claim is based entirely on the conduct of Defendants Sedgwick and Collins alleged in Count Four and Five, relating to their handling of Plaintiffs' claim and their failure to extend a settlement offer. As discussed in detail *supra*, both those claims fail as a matter of law. Therefore, Plaintiffs have failed to plead an unlawful act independent of the alleged civil conspiracy and their civil conspiracy claim against the Avis Defendants fails as a matter of law.

Accordingly, Count Six against the Avis Defendants and Defendants Sedgwick and Collins must be dismissed and Defendants Sedgwick, Collins, and Avis Defendants' partial motion to dismiss is granted.

## IV. CONCLUSION

Accordingly, for the reasons reflected above, the Court **ORDERS** that:

1) Plaintiffs' motion to remand (Doc. 11) is **DENIED**; and

2) Defendants Collins, Sedgwick, and the Avis Defendants' motion to dismiss Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief (Doc. 6) is **GRANTED**; and

3) Defendants Sedgwick and Collins are **DISMISSED as parties** to this action.

**IT IS SO ORDERED.**

Date:      1/29/19

Timothy S. Black
United States District Judge